### Caroline Smith, Adm., et al., v. Nancy E. Gallentin et al.

1. ADMISSIONS—*Of Amount Due in Specific Performance.*—Where a bill for specific performance of a contract for the sale of real estate admits a sum to be due and offers to pay it, a finding and decree by the court for a less amount is erroneous.

**Bill for Specific Performance.**—Trial in the Circuit Court of Whiteside County; the Hon. JOHN C. GARVER, Judge, presiding. Hearing and decree for complainant. Error by defendant. Heard in this court at the May term, 1898. Reversed and remanded with directions. Opinion filed September 26, 1898.

F. E. ANDREWS, attorney for plaintiffs in error.

J. E. McPHERRAN, attorney for defendants in error.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity to enforce the specific perform-ance of a certain contract in writing for the sale of real estate, entered into February 27, 1882, between Adam Smith and Ezekiel Gallentin, now both deceased, the former having died intestate, November 7, 1893.

After the death of Smith, Ezekiel Gallentin commenced this suit against the administratrix, widow and minor heirs of said Adam Smith, and while the suit was pending de-parted this life, February 5, 1895.

The contract in question was in the usual form of articles of agreement for the conveyance of real estate, and pro-vided for the sale by Smith to Gallentin, of 160 acres of land at the agreed price of $4,160, upon certain terms therein mentioned, but which it is not necessary should be particu-larly set forth here.

The only controversy in the case is as to what amount, if anything, is due upon the contract. As to this question the evidence is, to say the least, very unsatisfactory. The busi-ness having been transacted between parties who are now both deceased, we are deprived of the light which their tes-timony, if they were still living, might have given us.

By his original bill said Ezekiel Gallentin, deceased, alleged upon information and belief that there was then due upon the contract not to exceed the sum of $1,000, which sum he averred he was ready and willing to pay upon the execution and delivery to him of a deed of the lands described in the agreement. To this bill plaintiffs in error filed answers substantially alleging that all the payments made by said Ezekiel Gallentin upon said contract would aggregate a less amount than the interest promised to be paid under said agreement, and less than the rental value of the lands, and specifically denying the allegation of the bill that not more than $1,000 was due upon the contract.

Plaintiff in error also filed a cross-bill containing substantially the same allegations, with others setting up a forfeiture of the contract, and praying that said Ezekiel Gallentin be decreed either to surrender possession of the premises or be required to give a bond to secure rent for the same during the current year, and for a decree declaring the contract forfeited.

To this cross-bill Ezekiel Gallentin (being still living) filed an answer, again insisting that he only owed said sum of $1,000 under the contract.

After the death of the original complainant, his widow and children (defendants in error) came in by supplemental bill and were made parties in his stead; the cause being at issue, proofs were taken, and upon a final hearing there was a decree in favor of plaintiffs in error for $395.45, upon payment of which sum a conveyance of the lands described in the contract was ordered to be executed to defendants in error, and a special master in chancery was appointed to execute and deliver such deed.

We are of the opinion the amount found due by the court was clearly insufficient. By his pleadings we think Ezekiel Gallentin admitted there was at least $1,000 still owing by him under the contract, and this sum he offered to pay. These pleadings being nowhere amended to charge the contrary, it must be held that there was at least the sum of $1,000 due on the contract, and there should have been a decree accordingly.

The evidence complained of as incompetent appears to have gone in without objection, and hence that question is not properly before us for consideration.

The decree will be reversed and the cause remanded with directions to refer it to a master to ascertain, compute and report the amount due, and for such further proceedings as are proper consistently with the views herein expressed.

Decree reversed and remanded with directions.